**FILED**

**October 26, 2022**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **A.M.**

**No. 22-0255** (Berkeley County 21-JA-82)

## MEMORANDUM DECISION

Petitioner Father C.M.[1] appeals the Circuit Court of Berkeley County's March 22, 2022, order terminating his parental rights to A.M.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R.A.P. 21.

In April of 2021, the DHHR filed a petition alleging that then-three-month-old A.M. sustained serious nonaccidental injuries, including a brain injury, while in petitioner's care. The DHHR also alleged that petitioner's explanations were inconsistent with A.M.'s injuries, the mother refused to allow A.M. to be life-flighted for better treatment, and the parents engaged in domestic violence in the home.

The circuit court held a series of contested adjudicatory hearings in August of 2021, October of 2021, and January of 2022. Petitioner testified and gave his account of how the child was injured. Petitioner explained that he left A.M. with D.B. while he and the mother went shopping. Petitioner explained that then-three-year-old M.B. went with him and the mother to the store and that during the trip, they received a call from D.B. who stated that he had difficulty burping A.M. Petitioner told D.B. what to do, and then hung up the call. When he and the mother returned from shopping, the mother checked on A.M. who was asleep. A few hours later, petitioner and the mother left again to get groceries. D.B., M.B., and D.B.'s mother remained in the home with A.M. On return, the mother checked A.M. who appeared normal. Petitioner stated that around 9:00 p.m., the family was cleaning up after grilling and he entered the home with a plate in hand and saw then-one-year-old G.W. on the floor after apparently falling on A.M. while A.M. had been

---

[1]Petitioner appears by counsel Nicholas Forest Colvin. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Patrick Morrisey and Steven R. Compton. Jeffrey K. Matherly appears as the child's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R.A.P. 40(e).

in his bouncy chair. [3] Petitioner stated that A.M. cried afterwards, was in and out of consciousness, and that after thirty minutes, petitioner contacted 9-1-1. Petitioner denied hurting A.M.

Next, the DHHR presented the testimony of a doctor who was qualified as an expert in child abuse pediatrics who described A.M.'s numerous injuries and determined that they did not match petitioner's explanation. A forensic interviewer testified that, during a children's advocacy center interview in June of 2021, M.B. divulged seeing D.B. hit A.M. on the side of his head. Another qualified expert witness, a biomechanical engineer, testified that she investigated the loading and force required to result in A.M.'s specific head injuries and determined that the injuries were most likely caused by a rotational acceleration of the head, which was consistent with M.B.'s statement that she saw D.B. hit A.M. and inconsistent with petitioner's explanation.

Based on the evidence, the circuit court concluded that A.M.'s injuries were nonaccidental; that petitioner gave inconsistent testimony regarding the timeline of events surrounding A.M.'s brain injury; and that petitioner's explanation for the child's injuries was not credible. The court relied on M.B.'s disclosure that she saw D.B. hit A.M. and reasoned that since petitioner, the mother, and D.B. were in the same small home together, it was likely that all three adults knew the cause of the injuries but were withholding information from the court. Accordingly, the court found by clear and convincing evidence that the child was abused and that petitioner was an abusing parent.

In February of 2022, the court held a final dispositional hearing. Petitioner moved for an improvement period. The DHHR argued that it was relieved of its duty to reunify the family due to the aggravated circumstances of physical abuse of A.M. Ultimately, the circuit court found that petitioner failed to "acknowledge what actually happened" with A.M.'s nonaccidental injuries and continued to blame another child despite medical evidence to the contrary. As such, the court denied petitioner's motion for an improvement period. The court determined that there was no reasonable likelihood that the conditions of neglect or abuse could be substantially corrected in the near future and that it was necessary for A.M.'s welfare to terminate petitioner's parental rights. Petitioner now appeals the March 22, 2022, dispositional order terminating his parental rights. [4]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Petitioner first argues that the court erred in adjudicating him as an abusing parent because there was not clear and convincing evidence that he harmed A.M. or allowed another to harm A.M. We do not agree, as petitioner's arguments on appeal all turn on his interpretation of the evidence, while ignoring that the circuit court heard evidence that conflicts with petitioner's interpretation. In support of his argument, petitioner points to his own statements that he witnessed no issues with A.M., but he ignores the fact that other testimony established that the child's symptoms should have been apparent. Based on conflicts

---

[3]M.B. and G.W. are A.M.'s half-siblings who resided in the home at the time of A.M.'s injuries. D.B. is M.B. and G.W.'s father. M.B. and G.W. are not at issue in this appeal.

[4]The mother's parental rights were also terminated below. According to the parties, the permanency plan for A.M. is adoption by his foster family.

such as this, the circuit court properly found that petitioner's claims that he neither harmed A.M. nor allowed another to harm A.M. were not credible. We decline to disrupt any credibility determination made by the circuit court. *See Michael D.C. v. Wanda L.C.*, 201 W. Va. 381, 388, 497 S.E.2d 531, 538 (1997) ("A reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations."). Accordingly, we find that the court properly weighed the evidence.

Further, the evidence overwhelmingly supports petitioner's adjudication under a clear and convincing standard. *See* W. Va. Code § 49-4-601(i) (requiring a circuit court to find, "by clear and convincing evidence," that a parent has abused and/or neglected a child at the conclusion of the adjudicatory hearing); *In re F.S.*, 233 W. Va. 538, 546, 759 S.E.2d 769, 777 (2014) (explaining that "'clear and convincing' is the measure or degree of proof that will produce in the mind of the factfinder a firm belief or conviction as to the allegations sought to be established"). While petitioner attempts on appeal to assert that the medical evidence has now led him to believe that D.B. harmed the child, he made no such admission prior to his adjudication. On the contrary, petitioner advanced explanations that were inconsistent with the medical evidence and, ultimately, were found to lack credibility. Because the circuit court heard from multiple witnesses that the child's injuries were nonaccidental and did not comport with petitioner's explanations, we find no error in the circuit court's adjudication of petitioner as an abusing parent.

Petitioner also argues that the circuit court erred in denying his motion for an improvement period. However, we find that the evidence presented below supports the circuit court's determination that petitioner's "minor showing" of distancing himself from D.B. did not overcome "the issue of [petitioner's] failure to acknowledge what actually happened." This determination constitutes a sufficient basis upon which to deny petitioner's motion for an improvement period. *See In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) (finding that a parent's "[f]ailure to acknowledge the existence of the problem . . . results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense"). Further, while petitioner eventually blamed D.B. for A.M.'s abuse, the court justifiably determined that petitioner's testimony was not credible, and we will not disturb this credibility determination on appeal. Finally, petitioner presented no evidence that he would substantially comply with the terms of an improvement period, as required. *See* W. Va. Code § 49-4-610(2)(B) (requiring a parent to "demonstrate[], by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period" in order to be granted the same). Accordingly, we find no abuse of discretion in the circuit court's denial of petitioner's motion for an improvement period. *See In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002) (holding that a circuit court has the discretion to deny a motion for an improvement period when no improvement is likely).

Finally, we conclude that the circuit court's findings were sufficient to justify the termination of petitioner's parental rights. *See* W. Va. Code § 49-4-604(c)(6) (permitting a circuit court to terminate parental rights upon finding that there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected in the near future and when necessary for the child's welfare); *see also In re Jeffrey R.L.*, 190 W. Va. 24, 35, 435 S.E.2d 162, 173 (1993) (finding that there was "no reasonable likelihood that the conditions of abuse c[ould] be substantially corrected because the perpetrator of [the child's] physical abuse ha[d] not been

3

identified"). The court noted that there was no way to ensure the safety of the child in the future "given how this case has unfolded" and that A.M. suffered nonaccidental trauma while in the care of the three adult respondents who would not disclose the origins of the child's injuries. Because the court had ample evidence upon which to base its findings, petitioner is entitled to no relief.

For the foregoing reasons, we find no error in the decision of the circuit court, and its March 22, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: October 26, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn